UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KARLA SILVA HUERTA, on behalf of the State of California, as a private attorney general,<br><br>    Plaintiff,<br><br>  v.<br><br>DOUBLETREE EMPLOYER LLC; CURIO EMPLOYER LLC; and DOES 1 through 50,<br><br>    Defendants. | Case No.: SACV 23-02433-CJC (ADSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 20] |

## I.    INTRODUCTION

Plaintiff Karla Silva Huerta, on behalf of the people of the State of California and as an aggrieved employee acting as a private attorney general under California's Labor Code Private Attorney General Act of 2004 ("PAGA"), brings this action against

Defendants Doubletree Employer LLC, Curio Employer LLC, and unnamed Does seeking to recover PAGA penalties for herself and on behalf of all current and former aggrieved employees that worked for Defendants. (*See* Dkt. 1-2 [Compl.].) Plaintiff originally brought this action in Orange County Superior Court, but Defendants subsequently removed the action, invoking the Court's federal question jurisdiction. (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"].) Now before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction. (*See* Dkt. 20 [Memorandum of Points and Authorities in Support, hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II.    BACKGROUND

Plaintiff alleges that Defendants employed her at a California location from June of 2022 to April 10, 2023. (Compl. ¶ 7.) According to Defendants and unrebutted by Plaintiff, she worked for Defendants at the Hotel Del Coronado as a resort reservations agent from approximately February 22, 2023 to April 10, 2023.[2] (Dkt. 21-1 [Declaration of D. Bradley McPherson, hereinafter "McPherson Decl."] ¶ 3.) Defendants always classified Plaintiff as a non-exempt employee, paid on an hourly basis. (Compl. ¶ 7.) During her employment and as the basis for this PAGA action, Plaintiff alleges that Defendants committed numerous Labor Code violations, including: (a) failure to pay all hours worked, including overtime hours worked; (b) failure to provide meal and rest periods and failure to make premium payments for missed meal and rest breaks; (c) failure to provide accurate wage statements; (d) failure to pay timely wages; (e) failure to timely pay all wages owed upon separation of employment; (f) failure to

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for March 4, 2024, is vacated and removed from the calendar.

[2] The parties do not address this disparity in Plaintiff's dates of employment, but the Court does not find the issue dispositive for the present motion.

reimburse necessary business expenses; (g) failure to provide suitable seating; (h) failure to pay vested vacation at termination; and (i) failure to properly distribute gratuities.  (*See generally id.*)

During her employment at the Hotel Del Coronado, Plaintiff was a member of a union, and her employment was covered by a collective bargaining agreement ("CBA"). (Dkt. 21 [Opposition to Motion to Remand, hereinafter "Opp."] at 2 [collecting evidence].)  Most other nonexempt employees at the Hotel Del Coronado were members of the same union, and their employment too was covered by the CBA.  (*Id.*)  The CBA provided for wages, hours of work, working conditions, and premium wages for overtime.  (*See generally* McPherson Decl. Ex. B.)

## III.   LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted).  A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  *Id.* § 1331.  Thus, for an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-13 (1983).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  "[T]he subject matter jurisdiction of the district court

is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

A removing defendant must file with the federal district court "a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In other words, "the defendant must state the basis for removal jurisdiction in the [notice of] removal." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). Though the notice "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period" to remove under 28 U.S.C. § 1446(b) elapses, *id.*, it can be amended outside that window "to correct a 'defective allegation of jurisdiction.'" *ARCO Envt. Remediation, L.L.C. v. Dep't of Health & Envt. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653). Still, a court may deny leave to amend a pleading if "it is clear . . . that [it] could not be saved by amendment," *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), or "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Empls. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

Defendants assert that this Court has federal question jurisdiction over this matter because Plaintiff's PAGA claims include claims brought on behalf of employees covered by the CBA. (Notice ¶ 10.) According to Defendants, "[s]uch claims are completely preempted and supplanted by Section 301 of the Labor Management Relations Act

('LMRA'), 29 U.S.C. § 185 *et seq.*, and thus arise under the laws of the United States." (*Id.*)  The Court agrees.

"By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018).  Thus, "Section 301 of the LMRA vests federal courts with jurisdiction to hear suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce without respect to the amount in controversy or without regard to the citizenship of the parties." *Id.* (cleaned up).  "In these areas, the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* (internal quotation marks and citation omitted).

"Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks and citation omitted).  "While § 301 preemption furthers important interests, the Supreme Court has stressed that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.  To extend § 301 preemption beyond its defined role would be inconsistent with congressional intent.  For this reason, setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (simplified).

1

2
3
4
5
6
7
8
9
10
11

12

13
14
15
16
17
18
19
20
21
22
23
24
25

26

27

28

To determine whether a claim is preempted under Section 301, courts apply the two-step *Burnside* test. *Id.* "First a court must determine 'whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there.'" *Kobold*, 832 F.3d at 1032 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). If the right underlying the state law claims exists independently of the CBA, courts move to the second step, and ask "whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* (internal quotation marks and citation omitted). If the right is substantially dependent on a CBA, then the claim cannot proceed under state law. (*Id.*)

Defendants argue that the LMRA preempts Plaintiff's overtime-related claims and confers federal subject matter jurisdiction.[3] (Opp. at 12–13.) "[T]he Ninth Circuit's ruling in *Curtis v. Irwin Industries, Inc.* is decisive in demonstrating that a plaintiff's right to unpaid overtime is preempted under the first step of the Ninth Circuit's preemption test if a CBA meets the requirements of § 514." *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021). Under California Labor Code Section 514, California's overtime provisions "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, the CBA, as to many of Defendants' employee classifications, fulfills the requirements of Section 514. *See* McPherson Decl.

_____

[3] Defendants assert that this Court has subject matter jurisdiction over violations of other Labor Code sections that underly Plaintiff's PAGA action, but the Court need not address them as it finds that its jurisdiction over Plaintiff's overtime-related claims suffice to support federal jurisdiction over this case. (*See* Opp. at 9–12.)

Ex. B.  Accordingly, this Court has subject matter jurisdiction over Plaintiff's overtime-related claims.

Plaintiff argues against this Court's jurisdiction, asserting that "[t]he CBA does not meet the requirements of Section 514 because it fails to expressly provide 130% of California's minimum wage for *all* Aggrieved Employees during the Class Period." (Dkt. 23 [Reply] at 3 [emphasis added].)  It is true that the CBA at issue here does not meet the requirements of Section 514 for all employees because certain classifications' wages are not 30 percent more than California's minimum wage.  (*Id.* at 5–6.)  And some courts have held that a CBA fails to meet Section 514's requirements if it does not meet the requirements with respect to all employees.  *See, e.g., Rooney v. Save Mart Supermarkets*, 2020 WL 3819481, at *3 (E.D. Cal. July 8, 2020).  But other courts have held the opposite.  *See, e.g., Sachs v. Pankow Operating, Inc.*, 2022 WL 489696, at *6 (C.D. Cal. Feb. 16, 2022).

The Court finds the latter view more persuasive.  "The California legislature deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements by bargaining over not only the rate of overtime pay, but also when overtime pay will begin." *Curtis*, 913 F.3d at 1154–55 (cleaned up).  "Accordingly, when such a bargain has been struck, courts look to the CBA to determine the definition of 'overtime.'"  *Id.* at 1155.  On the federal level, Congress intended "a broad federal mandate" in enacting Section 301, such that "the 'preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'" *Burnside*, 491 F.3d at 1059 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983)).  Both California's and Congress's intentions would be frustrated were the Court to conclude that simply because the CBA does not fulfill Section 514's requirements as to *some* employees, neither Section 504 nor Section 301 would apply to

*any* of the employees.  Indeed, many of Defendants' employee classifications, including Plaintiff's former classification, met or exceeded a regular hourly rate of pay of not less than 30 percent more than the state minimum wage.  (McPherson Decl. ¶¶ 10–11.) Because the CBA gives rise to Plaintiff's overtime claims, including those on behalf of many of the employees she seeks to represent, the Court has federal subject matter jurisdiction over those claims.  *See Sachs*, 2022 WL 489696, at *6; *Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022) ("[E]ven if Plaintiff's hourly rate did not meet the requirement of California Labor Code § 514, preemption under § 301 can still apply because the hourly rate requirement has been met for other aggrieved employees."); *see also Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) ("Even if Plaintiff and the State are not parties to the qualifying CBAs, the Court must still interpret the agreements to determine whether a violation occurred as to the Aggrieved Employees.").

As to the balance of the Labor Code violations upon which Plaintiff brings her single cause of action, Plaintiff argues only that this Court lacks supplemental jurisdiction because she believes *none* of Plaintiff's claims are preempted.  (Reply at 10.)  But as explained above, this Court *does* have jurisdiction over at least the overtime claims. Because the Court finds that it has federal subject matter jurisdiction over Plaintiff's overtime claims, it may exercise supplemental jurisdiction over Plaintiff's other asserted Labor Code violations even assuming they are not similarly preempted because they all arise from Plaintiff's and other employees' employment relationship with Defendants. *See Braswell*, 2022 WL 707206, at *4 ("In addition to the alleged overtime pay violations, Plaintiff's PAGA claim asserts various other California Labor Code violations, like inadequate rest and meal periods, among others.  These claims do not raise an issue of federal law.  Nonetheless, because they are intertwined with Plaintiff's overtime pay claims such that they are a part of the same case or controversy, the Court will exercise supplemental jurisdiction to adjudicate these claims as well."); *Sachs*, 2022 WL 489696,

at *6 (exercising supplemental jurisdiction when other claims are preempted by Section 301); *see also Shwiyhat v. Martin Marietta Materials*, Inc., 2023 WL 6626129, at *4 (N.D. Cal. Oct. 10, 2023) ("In sum, if at least some of the PAGA claims brought on behalf of unionized employees are completely preempted, removal was proper, and the Court has supplemental jurisdiction of Plaintiff's non-preempted claims.").

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:    March 1, 2024

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE